## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 10 2015, 10:25 am
CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| Kristin A. Mulholland<br>Crown Point, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Larry D. Allen<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Garrick J. Troupe,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 10, 2015<br><br>Court of Appeals Cause No.<br>45A03-1503-CR-113<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Salvador Vasquez, Judge<br><br>Trial Court Cause No.<br>45G01-1211-MR-10 |

**Barnes, Judge.**

# Case Summary

[1] Garrick Troupe appeals his conviction for Class B felony aggravated battery. We affirm.

# Issue

[2] Troupe raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

# Facts

[3] Michael Williams and Schacie Jackson had a child together. On November 7, 2012, Williams was drinking heavily, and Jackson and the child went to stay with Troupe and his girlfriend. Williams later asked Darryl Jordan for a ride to Troupe's house, and Jordan agreed to take him. When they arrived at the house, Williams got into an argument with Troupe, and Williams broke the glass in the front door. Williams then went back to Jordan's vehicle and told Jordan that they needed to leave. Troupe approached the passenger side of the vehicle, where Williams was seated, and shot Williams. The bullet passed through Williams and hit Jordan, killing him.

[4] The State charged Troupe with murder, Class A felony attempted murder, Class B felony aggravated battery, and Class C felony battery by means of a deadly weapon. A jury found Troupe not guilty of murder and attempted murder but guilty of aggravated battery and battery. The trial court entered judgment of conviction on the aggravated battery verdict only and sentenced Troupe to nine years in the Department of Correction. Troupe now appeals.

# Analysis

Troupe argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

The offense of aggravated battery is governed by Indiana Code Section 35-42-2-1.5, which at the time of Troupe's actions provided: "A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes: (1) serious permanent disfigurement; (2) protracted loss or impairment of the function of a bodily member or organ; or (3) the loss of a fetus; commits aggravated battery, a Class B felony." The State charged that Troupe "did knowingly inflict injury on Michael T. Williams that created a substantial risk of death . . . ." App. p. 10. Thus, the State was required to prove beyond a reasonable doubt that Troupe knowingly inflicted an injury on Williams that created a substantial risk of death.

Troupe argues that Williams's injury was not severe enough to create a substantial risk of death. Troupe relies on *Alexander v. State*, 13 N.E.3d 917 (Ind. Ct. App. 2014), in which the defendant used a semiautomatic weapon to

shoot at a vehicle. There, the defendant challenged whether he had inflicted an injury that created a substantial risk of death. The State had presented limited evidence concerning the victim's injury. Testimony indicated that the victim had sustained a graze wound to his back and sought no medical treatment. We concluded that the evidence was insufficient to prove the victim's injury created a substantial risk of death. *Alexander*, 13 N.E.3d at 922.

[8] Troupe's argument is merely a request that we reweigh the evidence, which we cannot do. The State presented evidence that the bullet entered and exited Williams's chest and then entered and exited his arm. When he arrived at the hospital, he was bleeding and blood was "pouring out of one of the sleeves of his coat . . . ." Tr. p. 46. Although Williams's injuries did not require surgery or stitches, he was in the hospital for two to three days and received medication. We conclude that this evidence was sufficient to demonstrate an injury that created a substantial risk of death. Williams's injury was much more severe than the graze wound in *Alexander* that did not require any medical treatment. *See, e.g.*, *Oeth v. State*, 775 N.E.2d 696, 702 (Ind. Ct. App. 2002) (holding that the jury could reasonably infer that the victim's injuries created a substantial risk of death where the victim was struck on the back of the head with a hatchet, lost consciousness, had "profuse bleeding from her wounds which the emergency room doctor had trouble stopping," and required stitches), *trans. denied*; *Wilcher v. State*, 771 N.E.2d 113, 117 (Ind. Ct. App. 2002) (affirming the defendant's aggravated battery conviction where the victim was stabbed in the chest, was unconscious and had problems breathing, and

remained hospitalized for five days while connected to a lung machine), *trans. denied*. The evidence is sufficient to sustain Troupe's conviction.

## Conclusion

The evidence is sufficient to sustain Troupe's conviction. We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.